**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02015-REB-NYW

JOHN HAYES,

     Plaintiff,

v.

SKYWEST AIRLINES, INC.,

     Defendant.

_____

FINAL PRETRIAL ORDER
_____

## 1.  DATE AND APPEARANCES

The final pretrial conference shall be held on Wednesday, August 30, 2017, at 10:00 a.m.  Paul Maxon and Sarah Parady will appear on behalf of Plaintiff John Hayes.  Vance O. Knapp will appear on behalf of Defendant SkyWest Airlines, Inc.

## 2.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

## 3.  CLAIMS AND DEFENSES

    a.     Plaintiff's Narrative Summary:

During his eight-year employment with Defendant SkyWest Airlines, Plaintiff John Hayes was an exemplary employee who was promoted three times and received overwhelmingly positive performance reviews. Unfortunately, Mr. Hayes is disabled due to kidney disease and since 2014, he has had to spend 9½ hours per night on dialysis

1

to stay alive.

In January 2014, Mr. Hayes reluctantly resigned from his Shift Manager position for health reasons and returned to his former position as Certified Station Trainer (CST), which did not require him to perform strenuous physical tasks. After his disease progressed, Mr. Hayes took FMLA leave in June–August 2014 for surgery he needed to begin dialysis. While he was on leave, Defendant cancelled his health insurance.

In August 2014, Mr. Hayes submitted an ADA accommodation request that he be allowed to return to work as a CST with a 30-pound lifting restriction. After a week-long, incident-free return to work as a CST, Defendant told him it would no longer honor the accommodation, claiming the CST position no longer existed, and that Mr. Hayes was a "Ramp Agent" who was required to lift more than 30 pounds. Although Defendant's contemporaneous records show it could have accommodated him by restructuring his position, on August 20, 2014, it instead placed him on involuntary leave.

Beginning that same day, Mr. Hayes asked Defendant to transfer him to at least six different positions for which he was qualified. He applied for an open Pilot Recruiter position in Denver that was instead filled by a less qualified candidate. Defendant claims it selected the other candidate due to Mr. Hayes' "arrogance," but also suggested he accept an identical position in Salt Lake City. Rather than placing Mr. Hayes in any of the other open positions, Defendant effectively terminated his employment by saying he could not return to work unless his lifting restrictions were eliminated.

b.    Defendant's Narrative Summary:

SkyWest employed Plaintiff from March 27, 2006 to December 4, 2014 when he was furloughed as a result of the closure of ground operations at DIA. While employed by SkyWest, Plaintiff held various positions as a Ramp Agent, Ramp

Supervisor and he voluntarily accepted a demotion back to Ramp Agent. Ramp

Agents load and unload luggage and cargo from SkyWest's aircraft. An essential job

function of a Ramp Agent is the ability to bend and lift at least 60 pounds. Plaintiff

had a hernia operation and was released to return to work with a 30 pound lifting

restriction at the beginning of August 2014.

SkyWest engaged in the interactive process with Plaintiff and provided him

with several different accommodations, including intermittent FMLA leave and a

temporary-modified light duty job assignment. SkyWest provided an additional

accommodation to Plaintiff by allowing him to remain on leave when he could no

longer perform the essential functions of the Ramp Agent position. SkyWest also

engaged in the interactive process with Plaintiff and offered him a promotion to a

Pilot Recruiter position based in Salt Lake City, Utah, but Plaintiff rejected this

accommodation offer. Plaintiff applied for several positions with SkyWest, but these

positions were either not filled, due to the furlough, or Plaintiff was not qualified to

perform these positions, with or without a reasonable accommodation.

While furloughed, Plaintiff received priority for reinstatement to ramp agent

and customer service positions at other airports and could even take an existing

employee's position, provided that he requested the position and had more seniority

than the existing employee. Plaintiff did not seek lateral transfer to any other airport.

      c.      Plaintiff's claims and their respective elements:

            (1)      Failure to Accommodate under the Americans with Disabilities Act

(ADA) – Plaintiff has the burden of proving this claim.[1]

(2)     Disability Discrimination under the ADA – Plaintiff has the burden

of proving this claim.[2]

(3)     Retaliation under the ADA – Plaintiff has the burden of proving:

(i)     He engaged in a protected activity by requesting a

reasonable accommodation, filing an EEOC charge, or

making an internal complaint of discrimination;

(ii)    SkyWest took an action that a reasonable employee would

have found materially adverse; and

(iii)   SkyWest would not have taken the challenged employment

decision but for one of Mr. Hayes' protected activities.

(4)     Retaliation under the Family Medical Leave Act (FMLA) – Plaintiff

has the burden of proving this claim.[3]

d.  Defenses:

(1)     All of the employment decisions about which Plaintiff complains

were made for legitimate, non-discriminatory, and non-retaliatory

reasons. (SkyWest's burden)

---

[1] The parties disagree regarding the elements, but have fully briefed this issue
and submitted competing instructions. [Doc. Nos. 91, 92].

[2] The parties disagree regarding the elements, but have fully briefed this issue
and submitted competing instructions. [Doc. Nos. 91, 92].

[3] The parties disagree regarding the elements, but have fully briefed this issue
and submitted competing instructions. [Doc. Nos. 91, 92].

    (2)      SkyWest would have made the same employment decisions without regard to Plaintiff's disability or use of leave under the Family Medical Leave Act. (SkyWest's burden)

    (3)      SkyWest acted reasonably and in good faith compliance with the law, and SkyWest had reasonable grounds to believe its acts did not violate the law. (SkyWest's burden)

    (4)      Plaintiff's requested accommodations would have caused SkyWest to suffer an undue hardship. (SkyWest's burden)

    (5)      Plaintiff rejected an offer of reassignment, which was offered by SkyWest as a reasonable accommodation under the Americans with Disabilities Act. (SkyWest's burden)

    (6)      Plaintiff failed to mitigate his damages. (SkyWest's burden)

e.    Relief sought: Plaintiff seeks monetary damages in the amount of $897,000 plus pre- and post-judgment interest and costs.  Plaintiff's damages include $87,000 in back pay, $260,000 in front pay ($26,000 per year for 10 years), $250,000 in estimated attorney's fees through trial, and $300,000 in compensatory damages under the ADA (comprised of emotional distress and punitive damages).

## 4.  STIPULATIONS

The parties stipulate that:

a.    Plaintiff worked for Defendant from 2006 until 2014.

b.    Plaintiff is disabled due to polycystic kidney disease.

c.    Plaintiff took medical leave in June 2014.

d.    Exhibits with deposition exhibit stickers accurately record the exhibit

numbers used during deposition.

## 5.  PENDING MOTIONS

The following motion is pending:

a.    SkyWest Airlines, Inc.'s Motion for Leave to Present Contemporaneous

Testimony Via Video Teleconferencing Pursuant to Rule 43(a) of the

Federal Rules of Civil Procedure [#77], filed August 9, 2017.

## 6.  WITNESSES

a.    Nonexpert witnesses to be called by each party:

(1)    Witnesses who will be present at trial:

A.    Plaintiff's witnesses:

- John Hayes – Plaintiff will testify about all aspects of

this case, including: his disability, his need for

accommodation, his use of medical leave, his work

history, his employment with Defendant, his

subsequent employment history, and retaliatory

actions by Defendant.

- Kristin Hayes – Plaintiff's wife will testify about the

financial and emotional impacts of Defendant's actions

against Plaintiff.

- Reatha Benner – Plaintiff's mother-in-law will testify

about the financial and emotional impacts of

Defendant's actions against Plaintiff.

- Kiana Jodell – Plaintiff's former coworker will testify

about Plaintiff's work history and reputation, the
essential functions of Plaintiff's job, the availability of
open positions in her department, and Defendant's
ability to accommodate Plaintiff.

B.   Defense witnesses:

(i) John Hayes, Plaintiff.  Plaintiff is anticipated to testify about
the factual allegations supporting his claims and his efforts to
mitigate his purported damages;

(ii) Andrea Roberts, SkyWest Lead Leave Administrator. Ms.
Roberts will likely testify about SkyWest's accommodation and
leave policies, proposed accommodations offered to Plaintiff,
and employee leave issues concerning Plaintiff;

(iii) Pennie Hancock, SkyWest Human Resources Manager.
Ms. Hancock will likely testify about SkyWest's human
resource policies concerning accommodations and leave, the
loss of the United Airlines ground operations contract at
Denver International Airport ("DIA") resulting in the furlough of
ground personnel, including Plaintiff, SkyWest's staffing needs
at DIA after the loss of the United Airlines ground operations
contract, essential job functions and qualifications of positions
that Plaintiff held and applied for, efforts to provide Plaintiff
with reasonable  accommodations;

(iv) Jaime Sorenson, SkyWest Lead Manager for Workforce
Planning.  Ms. Sorenson is likely to testify about SkyWest's

recruiting and hiring policies and procedures, including but not limited to the essential job functions and qualifications for the positions that Plaintiff held as an employee and the positions, that Plaintiff had applied for, whether these positions were open and vacant at the time of Plaintiff's application, the qualifications of the successful applicant for the Pilot Recruiter position at DIA, and Plaintiff's demeanor during his interview for the Pilot Recruiter position, and the offer of a Pilot Recruiter position in Salt Lake City, Utah to Plaintiff;

(v) Stephanie Ambs, former SkyWest Denver Station Manager. Ms. Ambs is likely to testify about, proposed accommodations offered to Plaintiff, SkyWest's staffing needs at DIA after the loss of the United Airlines ground operations contract; and

(vi) Joshua Vallejo, former SkyWest Training Manager—DIA. Mr. Vallejo, will likely to testify about, how SkyWest utilized Certified Station Trainers at DIA, proposed accommodations offered to Plaintiff, SkyWest's staffing needs at DIA after the loss of the United Airlines' ground operations contract, and his interactions with Plaintiff while they were both employed at United.

(2)     Witnesses who may be present at trial if the need arises:

A.     Plaintiff's witnesses:

- Jennifer Robbins – Plaintiff's social worker may testify about the medical, financial, and emotional impact of Defendant's actions on Plaintiff.

- Ricky Henry – Plaintiff's former coworker may testify about the quality of Plaintiff's work for defendant.

- Shawn Popken – Plaintiff's former coworker may testify about the quality of Plaintiff's work for Defendant.

- Robert Hopkins – Plaintiff's former coworker may testify about the availability of other suitable work at the time of Defendant's failure to accommodate Plaintiff.

- Any witnesses needed for impeachment or rebuttal purposes, including all witnesses identified by Defendant as "Will Call" or "May Call" witnesses.

B.     Defense witnesses:

- Any witnesses needed for impeachment or rebuttal purposes, including all witnesses identified by Plaintiff as "Will Call" or "May Call" witnesses.

(4)     Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

A.     Plaintiff's witnesses: None.

B.     Defense witnesses: None.

b.     Expert witnesses to be called by each party:

(1)    Witnesses who will be present at trial:

    A.    Plaintiff's witness:

- Dr. Bruce Fisch – Plaintiff's physician is expected to testify about Plaintiff's medical condition and medical history, his need for accommodation, his ability to work, and approval of medical leave and work restrictions.

    B.    Defense witnesses: None.

(2)    Witnesses who may be present at trial:

    A.    Plaintiff's witnesses:

- Dr. Christopher Carpenter: Plaintiff's physician may testify about Plaintiff's medical condition, ability to work, and need for accommodation.

- Dr. Michael Glass: Plaintiff's physician may testify about Plaintiff's medical condition, ability to work, and need for accommodation.

    B.    Defense witnesses: None.

(3)    Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

    A.    Plaintiff's witnesses: None.

    B.    Defense witnesses: None

## 7.  EXHIBITS

a.    Pursuant to the Court's Third Trial Preparation Conference Order [#70

at ¶ 6], the parties shall submit a Joint Exhibit List at the final pretrial conference scheduled for August 30, 2017, at 10:00 a.m.

b.      Copies of listed exhibits must be provided to opposing counsel no later than 45 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 30 days before trial.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

a.      Should Plaintiff's counsel call Defense witnesses Pennie Hancock and Andrea Roberts—Defendant's human resources representatives who took the adverse actions at issue in this case—Plaintiff intends to examine them as adverse parties under Fed. R. Evid. 611(c).

b.      Plaintiff's counsel wishes to discuss the entry of appearance of Defendant's in-house counsel Todd Emerson, and implications regarding the sequestration of witnesses.

c.      Plaintiff's counsel may need the assistance of the Court in securing the appearance of reluctant witnesses.

## 10.  SETTLEMENT

Undersigned counsel for the parties certify that:

a.      Counsel for the parties conferred via email on December 19–20, 2016, to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference included counsel but not

party representatives.

      c.      The parties were promptly informed of all offers of settlement.

      d.      Counsel for the parties do not intend to hold future settlement

conferences.

      e.      It appears from the discussion by all counsel that there is no possibility

of settlement.

      f.      Counsel for the parties considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Trial is to a jury;

2.    The estimated trial time is five days;

3.    The situs of the trial is in Courtroom A1001, on the 10th Floor North of the

Alfred A. Arraj United States Courhouse Annex, 901 19th Street, Denver,

Colorado 80294;

4.    There are no other orders pertinent to the trial proceedings.


DATED this _____day of _____, 20_____.

BY THE COURT


_____
United States Judge

APPROVED:


s/ Paul Maxon
Paul Maxon
The Law Office of Paul Maxon, P.C.
4450 Arapahoe Avenue
Boulder, CO 80303
(303) 473-9999

Sarah Parady
Mary Jo Lowery
Lowery Parady, LLC
1725 High Street, Suite 1
Denver, CO 80218
(303) 593-2595

Attorneys for Plaintiff

s/ Vance O. Knapp
Vance O. Knapp
Armstrong Teasdale LLP
4643 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 575-4004

Jonathan R. Shulan
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
Saint Louis, MO 63105
(314) 259-4748

Todd C. Emerson
SkyWest Airlines, Inc.
444 South River Road
Saint George, UT 84790
(435) 634-3539

Attorneys for Defendant