**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-02015-REB-NYW

JOHN HAYES,
                         Plaintiff,
v.

SKYWEST AIRLINES, INC.,
                         Defendant.

## DECLARATION OF SCOTT A. MOSS AS TO PLAINTIFF'S COUNSEL'S HOURLY RATES

I, Scott A. Moss, Esq., an attorney admitted in this district, declare upon penalty of perjury that all contents of this declaration are true based on my personal knowledge and/or research.

1. Plaintiffs' counsel Paul Maxon and Sarah Parady, Esqs., asked me to evaluate their requested hourly rates of $450 and $400. I know them from bar association and similar events but have no current professional affiliation with, and have never worked on a case with, either of them. I am not being compensated for this declaration or the work it required. I am a Professor at the University of Colorado Law School; I graduated magna cum laude from Harvard Law School in 1998, clerked for the Honorable Constance Baker Motley (S.D.N.Y.), practiced employment law full-time for five years, and then became a professor. My main teaching and research areas are employment law and discrimination, constitutional law, federal pretrial, and class actions. While teaching is my main job, I still litigate: I am admitted in this federal district and circuit (as well as two other districts and two other circuits), the U.S. Supreme Court, and the States of Colorado and New York; I have tried cases and litigated appeals in both federal and state court in both Colorado and New York.

2. Hourly rates of $450 for Maxon (in his fifteenth year as an attorney) and $400 for Parady (in her eleventh), both of whom run their own practices, are within market norms and warranted for this case, I believe, based on my knowledge of billing practices, Maxon's and Parady's skill levels, and empirical data on the quality of litigator performance in federal court (all of which I detail below).

3. One apt set of comparators for Maxon and Parady would be the rates in the same case of defense counsel, Armstrong Teasdale and Fabian VanCott. I do not know their rates (though I would be willing to review any information defense counsel might provide on what they deem reasonable for their partners with 11 or 15 years of experience), but based on my knowledge that firms of their size and prestige in this market bill at roughly such rates for lawyers of their experience level, I believe counsel on both sides can justify billing rates similar to plaintiff's counsel's. Maxon has roughly the rate of a mid-career partner at a firm that employs talented lawyers; Parady, the rate of a somewhat more junior partner. While there are good lawyers with more experience, the value of additional experience is diminishing: over a lawyer's first five years, hourly rates increase greatly, because skill and experience grows significantly in those years; in years 6-10, hourly rates still rise, but by less, because such lawyers (senior associates or junior partners) still are learning and adding to their value, but not by as much as junior lawyers; in years 11-15, hourly rates often keep rising, but by much less, because those practicing that long – especially if in *the same field* for most of that decade or more – still learn and grow, but not at the rate of junior lawyers. Sometime in the middle or latter part of one's second decade, hourly rates stop rising much more, if at all – as shown by how lawyers with 15-20 years of experience often are not much (if any) cheaper than those with 21-30 years.

4.     There are, of course, fifteenth- or eleventh-year lawyers with rates lower rates than those of plaintiff's, or probably defendants', counsel in this case. But while I know many employment lawyers in Colorado and around the country, I know few of the caliber of Maxon and Parady, who both are talented, highly respected employment lawyers: both have excellent educational credentials; both have been invited to speak and publish by the leading statewide bar associations for their practice areas (*i.e.*, employment law and trial practice). And I have a high opinion of the writing and speaking skills of both; Maxon has taught the Employment Discrimination course at the University of Colorado Law School as an Adjunct Professor; Parady has spoken and presented in her role as President and Vice-President of the statewide Plaintiff Employment Lawyers' Association.

5.     My opinion that lawyers as talented as Maxon and Parady are worth more than most bases on not only my knowledge of them, but my empirical research for a published study of the plaintiff's lawyering quality: Scott A. Moss, *Bad Briefs, Bad Law, Bad Markets: Documenting the Poor Quality of Plaintiffs' Briefs, Its Impact on the Law, and the Market Failure It Reflects*, 63 EMORY L.J. 59 (2013). The core finding of that article is relevant here:

> [E]mployment discrimination suffers surprisingly low-quality plaintiffs' lawyering. This … study of several hundred summary judgment briefs[ ] find[s] as follows: (1) the vast majority of plaintiffs' briefs omit available caselaw rebutting key defense arguments, many falling far below basic professional standards with incoherent writing or no meaningful research; (2) low-quality briefs lose at over double the rate of good briefs; and (3) . . . even controlling for win-loss rate, bad plaintiffs' briefs far more often yield decisions crediting debatable defenses. . . . A survey of the worst brief-writers' law firms hints that the problem may be a mix of . . . . nonspecialists in over their heads and . . . knowingly litigating cheaply.

*Id*. at 59. Thus, my study found, most lawyers are unsuccessful at shepherding employment discrimination cases successfully past the summary judgment stage – and ADA cases, if anything, tend to run slightly more complex than the average discrimination case, given the additional issues they often present (qualifying disability, medical evidence, accommodation feasibility, etc.). Or in common-sense terms that probably convey the same point more succinctly than my article: you get what you pay for. It does not surprise me that in this case Maxon and Parady, not some other lawyers, obtained one of the largest ADA verdicts I have ever seen. I identically do not begrudge defendants' choice that, for a case with (as the verdict shows) significant liability risk, they would hire not cut-rate litigators, but prestigious law firms.[1] In sum, Maxon's and Parady's success in this case, and the ability level I know them to possess, confirm that it would not have been a prudent option to hire more cut-rate lawyers, rather than lawyers who are as good as they are, and whose rates are still well in line with those of similarly experienced plaintiff- and defense-side employment lawyers.

Dated:   Denver, Colorado
         January 29, 2018

_Scott A. Moss_
Scott A. Moss

---

[1] Armstrong Teasdale, with 218 lawyers on its website, is "one of the nation's largest 200 law firms," with "proven litigators with many high-stakes defense verdicts under their belts." Armstrong Teasdale, "About Us" (https://www.armstrongteasdale.com/about/). Fabian VanCott (68 lawyers) is "one of the western region's most powerful law practices . . . . With roots dating back to the late 1800s, Fabian VanCott has solidified has solidified prominence in the business and legal community by representing many of the largest organizations in the Intermountain West at the forefront of their industries." Fabian VanCott, "About Us" (http://fabianvancott.com/about-us/).