**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02015-REB-NYW

JOHN HAYES,

    Plaintiff,

v.

SKYWEST AIRLINES, INC.,

    Defendant.

**ORDER AWARDING ADDITIONAL ATTORNEY FEES FOR
PREPARATION FOR AND PARTICIPATION IN FRONT PAY HEARING**

**Blackburn, J.**

On July 2, 2018, I entered my **Order Re: Plaintiff John Hayes' Motion for Additional Monetary Awards** [#220],[1] filed July 2, 2018. Therein, I found plaintiff entitled to an award of front pay and set a hearing for determination of that matter. (*See id.* ¶ II at 7-9 & ¶ VI.4. at 15.) I further concluded plaintiff was entitled to a "reasonable fee for preparation for and attendance at the front pay hearing." (*Id.* ¶ VI.2.a. at 14.) Following the hearing, I ordered counsel for plaintiff to submit evidence in support of this contemplated additional award of attorney fees. (*See* **Minute Order** [#238], filed September 5, 2018.) In accordance with that order, counsel submitted **Plaintiff's Accounting of Additional Attorney Fees** [#242], filed September 13, 2018. Defendant filed its response. (*See* **Defendant SkyWest Airlines, Inc.'s Response to**

---

[1] "[#220]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Plaintiff's Accounting of Additional Attorney Fees** [#246], filed September 24, 2018.) The matter thus is ripe for determination.

As set forth in my prior order (*see* **Order Re: Plaintiff John Hayes' Motion for Additional Monetary Awards** ¶1 at 2-6), the starting point for any calculation of a reasonable attorney fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. **Hensley v. Eckerhart**, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). I previously found the hourly rates requested by plaintiff's attorneys "entirely reasonable" (*see* **Order** ¶ I at 3), and despite defendant's renewed objections, I find its arguments no more compelling now than I did previously (*see id.* at 3-4 & n.3). Accordingly, I approve a rate of $450 an hour for Mr. Maxon, $400 an hour for Ms. Parady, and $150 an hour for Ms. Zumwalt.[2]

Counsel seeks recovery for 124.4 hours of attorney and paralegal time in preparing for and attending the front pay hearing. Defendant claims the hours Mr. Maxon and Ms. Parady devoted to preparing for a failed mediation just prior to the hearing should not be compensable. I agree, but only in part. It is entirely reasonable to assume the attorneys' preparation for the mediation was of a piece with their general preparations for the front pay hearing. Indeed, if the mediation had succeeded, I would not have denied plaintiff attorney fees associated with counsel's preparations simply because no hearing ultimately was required. Nor do I wish to discourage parties from

---

[2] I am perplexed by defendant's suggestion that the tasks performed by Ms. Zumwaldt – such as preparing exhibits and notebooks for a hearing – are not of the type typically performed by paralegals. (*See* **Def. Resp.** at 3 n.1.) They most assuredly are.

2

efforts to mediate, which ultimately enures to the benefits of the parties, the court, and the judicial system as a whole.

Nevertheless, I do not believe Mr. Maxon and Ms. Parady's attendance[3] at the mediation itself fits within the definition of recoverable fees I set forth in my previous order. I therefore will disallow the 4 hours claimed by Mr. Maxon and the 2.8 hours claimed by Ms. Parady associated with attendance at the mediation.

In all other respects, however, I find the number of hours expended by counsel reasonable and not excessive in the context of this case. To the extent it might appear otherwise from the cold record, I would note, as I have previously, that defendant's actions contributed to a significant extent to the amount of time plaintiff's counsel was required to expend to prepare for the hearing. I note two examples in particular, without meaning to suggest these define the realm of ways in which defendant over-tried this issue or this case.

First is defendant's feckless, eleventh-hour request for a continuance of the front pay hearing in order to conduct discovery. (*See* **Motion for Continuance of September 4, 2018 Hearing and Motion for Leave To Conduct Additional Discovery** [#221], filed August 23, 2018.) Counsel for plaintiff were required to expend at least 8.2 hours in responding to this request, not inconsequentially during a time when they were finalizing their preparations for the front pay hearing. A less myopic

---

[3] Even if attendance at the mediation were recoverable, I would disallow Mr. Maxon's request to be compensated for his travel time to and from the mediation. Attorney travel time may be compensable, albeit at a reduced rate, if the party seeking recovery of such fees establishes his travel time was productive. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1106 (10th Cir. 2010). Mr. Maxon makes no such showing here. *See Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990) ("No compensation is due for nonproductive time.") (internal citation and quotation marks omitted).

defendant might have realized the motion had little chance of success, since I denied similar requests at least twice previously on the ground defendant long ago waived or forfeited any right to take discovery related to front pay.

Second, the front pay hearing was scheduled for a single afternoon, which should have been sufficient to discuss the matters relevant to front pay – the details of plaintiff's present job and those of the job he claimed he lost as a result of defendant's discrimination and retaliation. Defendant, however, extended the scope of the hearing to include a discussion of every job plaintiff has held since November 2014, a period entirely encompassed by the jury's award of backpay, and which was vetted at length during the trial of this case.[4] Defendant's decision to replow this same, now irrelevant, ground caused the hearing to run into the next morning, ballooning from 3.5 hours to 9.5 hours. While defendant certainly is entitled to pursue this litigation aggressively, its decision to do so comes at a cost. ***Praseuth v. Rubbermaid, Inc.***, 406 F.3d 1245, 1260 (10th Cir. 2005) ("An aggressive litigation strategy carries with it certain risks, one of which is that a party pursuing an aggressive strategy may, if it loses, find itself required to bear a portion of the attorneys' fees incurred by the other party in responding to that aggressiveness.").

I also reject defendant's arguments that the award should be reduced because plaintiff did not achieve the full measure of front pay he requested. Plaintiff's front pay award, while less than he sought, can in no way be characterized as merely "technical

---

[4] Defendant also unnecessarily called plaintiff's quondam treating physician, Dr. Bruce Fisch, in an attempt to have him opine as to the propriety of plaintiff's now-extant medical restrictions. As Dr. Fisch made plain, he was not the best qualified person to make that determination, and frankly, the question whether Mr. Hayes's restrictions were "appropriate" *vel non* had no bearing on the ultimate issue to be determined at the hearing.

or de minimis." (*See* **Def. Resp. Br.** at 2 (quoting ***Phelps v. Hamilton***, 120 F.3d 1126, 1131 (10th Cir. 1997).) Nor can it be divorced from plaintiff's overall success on the merits, which was resounding. ***Cf. Dalal v. Alliant Techsystems, Inc.***, 182 F.3d 757, 762 (10th Cir. 1999) (cited in **Def. Resp. Br.** at 2).[5]

Nor do I find any basis to reduce the award on the ground plaintiff allegedly withheld information that he was on medical leave from July 2017 through mid-September 2018. To the extent defendant has not waived this argument already,[6] the fact of this extended medical leave was made manifest and the reasons therefore explored thoroughly during the front pay hearing. Contrary to defendant's arguments, earlier awareness of these facts on my part would not have changed my determination that plaintiff was entitled to front pay in the first instance.[7] (*See* **Findings of Fact, Conclusions of Law, and Orders Re: Front Pay** at 12 [#247], filed September 24, 2018.) Indeed, given that the award of front pay runs only from the date of the judgment, plaintiff's previous medical leave is simply a non-issue.

I therefore find that counsel for plaintiff is entitled to recover for 117.6 hours of time associated with preparation for and attendance at the front pay hearing, resulting in

---

[5] Defendant's reliance on ***Dalal*** is misplaced, since the plaintiff there achieved limited success on the merits and the court declined to award front pay at all. ***Dalal***, 182 F.3d at 7621-62. The case most assuredly does not stand for the proposition that "when a court reduces an award of front pay, a reduction in attorney fees may be appropriate." (**Def. Resp. Br.** at 2.)

[6] After making this argument in its trial brief [#225] and initial proposed findings of fact and conclusions of law [#226], defendant addressed it not at all during the front pay hearing, nor in its amended findings and conclusions [#245], which I specifically directed the parties to file as new, independent, superseding documents from any previously submitted proposals.

[7] Defendant continues to insinuate that plaintiff's medical leave showed he could not work at all, a conclusion which is not supported by the credible evidence in this case.

a lodestar calculation of $50,045.[8]  I find this amount of attorney fees reasonable and appropriate and award that amount.

**THEREFORE, IT IS ORDERED** that plaintiff is awarded additional attorney fees in the amount of $50,045 associated with preparation for and participation in the front pay hearing.

Dated September 25, 2018, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[8] This figure is comprised of (1) 92.6 hours at $450 an hour for Mr. Maxon ($41,670); (2) 18.5 hours at $400 an hour for Ms. Parady ($7,400); and (3) 6.5 hours at $150 an hour for Ms. Zumwaldt ($975).